1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                           EASTERN DISTRICT OF CALIFORNIA

8

9    ROBERT L. HUGHES,                    )    1:07-CV-01474 AWI SMS HC
                                          )
            Petitioner,                   )
10                                        )    FINDINGS AND RECOMMENDATION
            v.                            )    REGARDING RESPONDENT'S MOTION
11                                        )    TO DISMISS
                                          )
12   TONY HEDGPETH, Warden,               )    [Doc. #13]
                                          )
13          Respondent.                   )
                                          )
14

15          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.

17                                      **BACKGROUND**

18          Petitioner is currently in the custody of the California Department of Corrections pursuant to

19   a judgment of the Superior Court of California, County of Fresno, following his conviction by jury

20   trial on October 21, 2003, of continuous sexual abuse and lewd act with a child in violation of Cal.

21   Penal Code § 288.5. See Lodged Doc. No. 1.[1] On November 17, 2003, Petitioner was sentenced to

22   serve a term of 32 years in state prison. Id.

23          Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District

24   (hereinafter "Fifth DCA"). On May 24, 2005, the Fifth DCA affirmed the judgment. See Lodged

25   Doc. No. 2. Petitioner then sought review in the California Supreme Court. On August 10, 2005, the

26   petition was denied. See Lodged Doc. No. 4.

27

28          [1]"Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

1          Petitioner then filed three post-conviction collateral challenges with respect to the judgment

2     in the state courts, all petitions for writ of habeas corpus, as follows:

3          1.     Fresno County Superior Court
                  Filed: February 28, 2006[2];
4                 Denied: April 14, 2006;

5          2.     California Court of Appeals, Fifth Appellate District
                  Filed: May 17, 2006[3];
6                 Denied: May 26, 2006;

7          3.     California Supreme Court
                  Filed: April 25, 2007[4];
8                 Denied: September 19, 2007;

9     See Lodged Docs. Nos. 5-10.

10         On June 8, 2006, Petitioner filed a federal habeas petition in case no. 1:06-CV-00714 DLB

11    HC.  After Petitioner was notified that the petition was a mixed petition containing unexhausted

12    claims, he opted to voluntarily dismiss the petition. On May 8, 2007, the District Court granted

13    Petitioner's motion to dismiss.

14         On October 10, 2007,[5] Petitioner filed the instant federal petition for writ of habeas corpus in

15    this Court. On December 20, 2007, Respondent filed a motion to dismiss the petition as being filed

16    outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file

17    an opposition.

18

19                                    **DISCUSSION**

20    A.  Procedural Grounds for Motion to Dismiss

21    _____

22    [2]Although the petition was filed in the Fresno County Superior Court on March 16, 2006, the petition was dated
      February 28, 2006.  In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
      the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston
23    v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of
      federal habeas filings under the AEDPA limitations period.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing
24    Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the
      petition filed on February 28, 2006, the date Petitioner presumably handed his petition to prison authorities for mailing.
25
      [3]Petitioner did not date his petition; therefore, the mailbox rule cannot be applied.
26
      [4]Although the petition was filed on May 8, 2007, pursuant to the mailbox rule the Court considers the petition filed
27    on April 25, 2007, the date Petitioner signed the petition.

28    [5]Petitioner again did not date the petition; therefore, the mailbox rule cannot be applied.

1    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

2  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

3  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

4    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

5  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

6  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

7  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

8  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

9  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

10  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

11  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

12    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

13  one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

14  standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

15  and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

16  dismiss pursuant to its authority under Rule 4.

17  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

18    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

19  1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

20  habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

21  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

22  586 (1997).

23    In this case, the petition was filed on October 10, 2007, and therefore, it is subject to the

24  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

25  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

26  § 2244, subdivision (d) reads:

27    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
28        limitation period shall run from the latest of –

1        (A) the date on which the judgment became final by the conclusion of direct
2   review or the expiration of the time for seeking such review;

3        (B) the date on which the impediment to filing an application created by
    State action in violation of the Constitution or laws of the United States is removed, if
4   the applicant was prevented from filing by such State action;

5        (C) the date on which the constitutional right asserted was initially recognized by
    the Supreme Court, if the right has been newly recognized by the Supreme Court and made
6   retroactively applicable to cases on collateral review; or

7        (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

8        (2) The time during which a properly filed application for State post-conviction or
    other collateral review with respect to the pertinent judgment or claim is pending shall
9   not be counted toward any period of limitation under this subsection.

10   28 U.S.C. § 2244(d).

11        In most cases, the limitations period begins running on the date that the petitioner's direct

12   review became final.  In this case, the petition for review was denied by the California Supreme

13   Court on August 10, 2005.  Thus, direct review concluded on November 8, 2005, when the ninety

14   (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle,

15   463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox,

16   159 F.3d 345, 347 (8th Cir.1998).  The statute of limitations commenced on the following day,

17   November 9, 2005, and expired one year later on November 9, 2006. Patterson v. Stewart, 251 F.3d

18   1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until October 10, 2007,

19   almost one year beyond the due date.  Absent any applicable tolling, the instant petition is barred by

20   the statute of limitations.

21   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

22        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

23   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

24   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

25   Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

26   properly pursuing post-conviction relief, and the period is tolled during the intervals between one

27   state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

28   state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

U.S. District Court
E. D. California        cd                                        4

1    1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

2    statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

3    petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo,

4    544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

5    determined by the federal courts to have been untimely in state court will not satisfy the requirements

6    for statutory tolling. Id.

7           As stated above, the statute of limitations began to run on November 9, 2005. Petitioner filed

8    his first state habeas petition on February 28, 2006, in the Fresno County Superior Court. At that

9    point, 111 days of the limitations period had elapsed. Because the petition was properly filed, the

10   statute of limitations was tolled for the time this petition was pending. The petition was denied on

11   April 14, 2006.

12          Petitioner next filed a state habeas petition in the Fifth DCA on May 17, 2006.  Respondent

13   concedes that the time between the denial of the first petition and the filing of the second petition

14   would be tolled because the second petition was properly filed at the next state appellate level. The

15   second petition was denied on May 26, 2006. Therefore, Petitioner is entitled to tolling for the time

16   this petition was pending. Thus, he is entitled to tolling from February 28, 2006, until May 26, 2006.

17          Petitioner filed his third petition on April 25, 2007, in the California Supreme Court.

18   Respondent argues that the time period between the denial of the second petition and the filing of the

19   third petition, a period of 334 days, should not be tolled because Petitioner did not timely proceed to

20   the next appellate level. Respondent's argument is persuasive. Pursuant to the Supreme Court's

21   rulings in Saffold and Chavis, Petitioner is entitled to tolling for this interval if Petitioner did not

22   unreasonably delay. Saffold, 536 U.S. at 225; Chavis, 546 U.S. at 197. Here, Petitioner delayed for

23   334 days until he filed his third habeas petition in state court. The appellate court denied the petition

24   with citation to In re Waltreus, 62 Cal.2d 218 (1965). See Lodged Doc. No. 10. A denial and citation

25   to In re Waltreus refers to California's procedural rule that "issues actually raised and rejected on

26   appeal cannot be renewed in a petition for writ of habeas corpus." Forrest v. Vasquez, 75 F.3d 562,

27   563 (9th Cir. 1996), *quoting* In re Harris, 5 Cal.4th 813, 829 (1993).  In Ylst v. Nunnemaker, the

28   Court concluded that a Waltreus citation is neither a ruling on the merits nor a denial on procedural

1  grounds thereby having no bearing on a petitioner's ability to raise a claim in federal court. Ylst v.

2  Nunnemaker, 501 U.S. 797, 805 (1991).

3  In the absence of "clear direction or explanation" from the state court indicating whether the

4  state petition was timely, the federal court "must itself examine the delay . . . and determine what the

5  state courts would have held in respect to timeliness." Chavis, 546 U.S. at 197. In Chavis, the

6  Supreme Court found a period of six months filing delay to be unreasonable under California law. Id.

7  at 201. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to

8  60 days, that most States provide for filing an appeal to the state supreme court." Id., *quoting*

9  Saffold, 536 U.S. at 219.  In addition, the Supreme Court provided the following guidance for

10  determining timeliness:

11  [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as
    elsewhere) fell within the federal tolling provision *on the assumption* that California law in
12  this respect did not differ significantly from the laws of other States, i.e., that California's
    'reasonable time' standard would not lead to filing delays substantially longer than those in
13  States with determinate timeliness rules.

14  Chavis, 546 U.S. at 199-200, *citing* Saffold, 536 U.S. at 222-223.

15  Here, Petitioner's delay of 334 days is clearly unreasonable. The delay is far greater than the

16  short period of time of 30 to 60 days provided by most States for filing an appeal, and the six month

17  delay found unreasonable in Chavis. A delay of nearly one year, when only 30 or 60 days is normally

18  allotted, is simply excessive.

19  Therefore, the habeas petition filed in the California Supreme Court was untimely and

20  Petitioner is not entitled to tolling for the interval between the denial of the habeas petition in the

21  Fifth DCA and the filing of the next habeas petition in the California Supreme Court. Thus, with 254

22  (365-111) days left in the statute of limitations, the limitations period expired on February 5, 2007.

23  The instant petition filed on October 10, 2007, was filed well after the limitations period expired and

24  should be dismissed as untimely.

25  The Court notes Petitioner is not entitled to tolling for the time his prior federal habeas

26  petition was pending in federal court, since a federal action does not qualify to toll the statute of

27  limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

28  D.  Equitable Tolling

1    The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

2 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

3 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

4 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

5 citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

6 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

7 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

8 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

9                                        **RECOMMENDATION**

10    Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

11 GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

12 comply with 28 U.S.C. § 2244(d)'s one year limitation period.

13    This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

14 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

15 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

16 California.  Within thirty (30) days after being served with a copy of this Findings and

17 Recommendation, any party may file written objections with the Court and serve a copy on all

18 parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

19 Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days

20 (plus three days if served by mail) after service of the Objections.  The Finding and

21 Recommendation will then be submitted to the District Court for review of the Magistrate Judge's

22 ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

23 within the specified time may waive the right to appeal the Order of the District Court.  Martinez v.

24 Ylst, 951 F.2d 1153 (9th Cir. 1991).

25 IT IS SO ORDERED.

26 **Dated:    March 27, 2008**                    **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE

27

28