UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT L. HUGHES, | ) | 1:07-CV-01474 AWI SMS HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #18] |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO DISMISS |
| | ) | AND DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| TONY HEDGPETH, Warden, | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 27, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended Respondent's motion to dismiss the petition be GRANTED and the petition be DISMISSED with prejudice for violating the statute of limitations. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On April 9, 2008, Petitioner filed objections to the Findings and Recommendation. He contends he should be granted equitable tolling due to extraordinary circumstances which stood in his way of meeting the federal deadline. He first claims he has been incarcerated in the administrative segregation unit at five different prisons since 2004. As a result, he has not been able to program on the prison yards and he has had less opportunity to go to the prison law library than the average prisoner. This circumstance is not extraordinary as many prisoners are administratively segregated in prison. Moreover, the circumstance did not stand in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). He does not allege that he was denied access to the law library; indeed, he concedes he still had access, (see Petitioner's Objections at 2), and the Court is aware the prisons offer a paging system to retrieve legal materials when personal access is limited. Furthermore, his filing of several state petitions undercuts his argument that this circumstance barred his way.

Petitioner also complains his appellate attorney failed to file for review of his entire case and only selected a single issue on appeal. This too does not merit equitable tolling. If the appellate attorney did not file all the issues Petitioner desired raised, he should have acted diligently in seeking collateral relief.

Finally, he claims he has a low education level. This circumstance also is not extraordinary as many inmates share the same education level or lower and manage to timely comply with the limitations period.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

  (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued March 27, 2008, is ADOPTED IN FULL;

2. Respondent's Motion to Dismiss is GRANTED;

3. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE;

4. The Clerk of Court is DIRECTED to enter judgment; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   August 2, 2008**              **/s/ Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE